Mark G. Gebo, Esq. Town Attorney, Brewster
You have asked whether one person may hold simultaneously the two positions of county legislator and member of the town planning board.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Towns are authorized to establish planning boards (Town Law, § 271). The planning board has responsibility for the development of the master plan which forms the basis for development in the town (id., § 272-a); if authorized by the town board, it advises other town departments and officers prior to the taking of action (id., § 274); and it may be given the responsibility to approve site plans (id., § 274-a) and subdivision plans (id., § 276).
You have informed us that the county in which the subject town is located has a county planning board (County Law, § 239-b). The county planning board has jurisdiction to review certain actions taken by a town planning board representing a town located within the county (id., § 239-m). If the county planning board disapproves or makes recommendations regarding the matter submitted for its review, the town planning board may not act contrary to such disapproval or recommendations except by a vote of majority plus one of its members (ibid.).
The procedure for appointment of members of a county planning board is determined locally (id., § 239-b). You have informed us that under your county charter the county executive appoints the members of the county planning board. The county legislature has no role in these appointments and has no authority to confirm the appointments by the county executive. Thus, it appears that the county legislature has no role in making appointments to or in the zoning and planning activities of a county planning board. Under the guidelines enunciated above we see no potential for incompatibility between the positions of county legislator and member of the town planning board.
The holding of the two positions in question is not prohibited by section411 of the County Law, which in part provides that no elective county officer shall be eligible to hold at the same time any other elective county or town office. The position of member of the town planning board is appointive.
We conclude that one person may hold simultaneouly the positions of member of the town planning board and county legislator.